UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DR. MAX C. GOUVERNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-07-206 |
| | § | |
| CARE RISK RETENTION GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Pending before the Court is Plaintiff's Opposed Request for a Jury Trial (dkt. # 15). After considering the motion, response and applicable law, the Court is of the opinion that the motion should be GRANTED.

Plaintiff originally filed this breach of contract action in state court on March 22, 2007. This action was removed to federal court on May 3, 2007. The Plaintiff had not previously requested a jury trial until September 27, 2007 when Plaintiff filed the instant motion. Under the Federal Rules of Civil Procedure, Plaintiff was required to make a jury demand within ten days after he was served with the notice of removal. Fed. R. Civ. P. 81(c)(3)(B)(ii). Failure to timely serve and file a jury demand constitutes waiver. *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 395-96 (5th Cir. 1970). Nevertheless, the district court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). While a rule 39(b) motion is discretionary with the court, the general principle remains that a court should grant a jury trial in the absence of strong and compelling reasons to the contrary. *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1029 (5th Cir. 1980).

Plaintiff concedes that his jury demand was not timely, citing an oversight on the part of

Plaintiff's counsel. While it is not an abuse of discretion to deny an untimely jury demand based merely on counsel's mere inadvertence, *Bush*, 425 F.2d at 396, the Court does not find any strong or compelling reasons in this case to deny Plaintiff a jury trial.  At the time the motion was filed, no depositions had been taken.  The fact issues to be tried in this case are best suited for a jury.  And, most importantly, the Defendant has not shown nor can the Court find any prejudice that the Defendant will suffer as a result of allowing a jury trial.

    Accordingly, Plaintiff's Request for a Jury Trial (dkt. #15) is GRANTED.

    It is so ORDERED.

    SIGNED this 23rd day of April, 2008.

    _____
    JOHN D. RAINEY
    UNITED STATES DISTRICT JUDGE